# EXHIBIT 1

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Sally Beauty Supply LLC                                                        March 21, 2024
Diana Pflughoft
Sally Beauty Holdings, Inc.
3001 Colorado Blvd.
Denton TX 76210

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2024-181

| 1. | **Entity Served:** | Sally Beauty Supply LLC |
|---|---|---|
| 2. | **Title of Action:** | Iris Rios et al. vs. Sally Beauty Supply LLC et al. |
| 3. | **Document(s) Served:** | Summons (Citation Judicial)<br>Civil Case Cover Sheet Unlimited<br>Instructions On How To Complete The Cover Sheet<br>Class Action Complaint For Damages |
| 4. | **Court/Agency:** | Orange County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 30-2024-01370472-CU-OE-CXC |
| 7. | **Case Type:** | Violations of California Labor Codes |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 03/19/2024 |
| 10. | **Date to Client:** | Thursday 03/21/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 04/18/2024 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Law Offices Of Farrah Mirabel<br>Los Angeles, CA<br>714-972-0707 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Exhibit A<br>* Law Firm Letter |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

Electronically Filed by Superior Court of California, County of Orange, 01/02/2024 08:00:00 AM.
30-2024-01370472-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SALLY BEAUTY SUPPLY LLC., SALLY BEAUTY HOLDINGS
INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IRIS RIOS, as an individual
and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil Complex Center<br>751 West Santa Ana Blvd.<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2024-01370472-CU-OE-CXC<br><br>Judge Randall J. Sherman |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICE OF FARRAH MIRABEL, 1070 Stradella Rd. Los Angeles, CA 90077; tel: (714) 972-0707

| DATE: 01/02/2024<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *S. Juarez*<br>*(Secretaria)* | S. Juarez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Sally Beauty Supply LLC

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC-17701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 01/02/2024 08:00:00 AM.
30-2024-01370472-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Farrah Mirabel, Esq. (SBN: 162933) <br> LAW OFFICES OF FARRAH MIRABEL <br> 1070 Stradella RD <br> Los Angeles, CA 90077; (714) 972-0707 <br> TELEPHONE NO.: 714-972-0707  FAX NO. *(this area for fax):* 949-417-1796 <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: **751 West Santa Ana Blvd.**
MAILING ADDRESS: **Santa Ana, CA 92701**
CITY AND ZIP CODE:
BRANCH NAME: **CIVIL COMPLEX CENTER**

CASE NAME:
**IRIS RIOS et al. v. Sally Beauty Supply LLC et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **30-2024-01370472-CU-OE-CXC** |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount demanded exceeds $25,000) | ☐ Limited <br> (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> *(Cal. Rules of Court, rule 3.402)* | | JUDGE: Judge Randall J. Sherman <br> DEPT: **CX105** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation *(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| ☐ Auto (22) <br> ☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06) <br> ☐ Rule 3.740 collections (09) <br> ☐ Other collections (09) <br> ☐ Insurance coverage (18) <br> ☐ Other contract (37) | ☐ Antitrust/Trade regulation (03) <br> ☐ Construction defect (10) <br> ☐ Mass tort (40) <br> ☐ Securities litigation (28) <br> ☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> ☐ Asbestos (04) <br> ☐ Product liability (24) <br> ☐ Medical malpractice (45) <br> ☐ Other PI/PD/WD (23) | **Real Property** <br> ☐ Eminent domain/Inverse condemnation (14) <br> ☐ Wrongful eviction (33) <br> ☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> ☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> ☐ Business tort/unfair business practice (07) <br> ☐ Civil rights (08) <br> ☐ Defamation (13) <br> ☐ Fraud (16) <br> ☐ Intellectual property (19) <br> ☐ Professional negligence (25) <br> ☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> ☐ Commercial (31) <br> ☐ Residential (32) <br> ☐ Drugs (38) <br> **Judicial Review** <br> ☐ Asset forfeiture (05) <br> ☐ Petition re: arbitration award (11) <br> ☐ Writ of mandate (02) <br> ☐ Other judicial review (39) | **Miscellaneous Civil Complaint** <br> ☐ RICO (27) <br> ☐ Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> ☐ Partnership and corporate governance (21) <br> ☐ Other petition *(not specified above)* (43) |
| **Employment** <br> ☐ Wrongful termination (36) <br> ☑ Other employment (15) | | |

2. This case ☐ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* CLASS ACTION 12 causes of action for PAGA and wage and hour
5. This case ☐ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 31, 2023

Farrah Mirabel, Esq.
(TYPE OR PRINT NAME)

▶ **Farrah Mirabel**
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 01/02/2024 08:00:00 AM.
30-2024-01370472-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

FARRAH MIRABEL, STATE BAR NO. 162933
fmesq@fmirabel.com
**LAW OFFICES OF FARRAH MIRABEL**
1070 Stradella Rd.
LOS ANGELES, CA 90077
TELEPHONE: (714) 972-0707; Fax: (949) 417-1796

Assigned for All Purposes
Judge Randall J. Sherman
Dept. CX105

Attorneys for Plaintiff, IRIS RIOS, as an individual and on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| IRIS RIOS, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SALLY BEAUTY SUPPLY LLC., SALLY BEAUTY HOLDINGS INC., and DOES 1 through 50, inclusive; <br><br> Defendants. | Case No.: **30-2024-01370472-CU-OE-CXC** <br> Dept.:    CX105 <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> 1. **Unpaid Missed Rest Breaks (*Labor Code § 226.7(a) and IWC Wage Order No. 7-2001 section 12*);** <br> 2. **Unpaid Interrupted/Missed Meal Breaks (*Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 section 11*);** <br> 3. **Failure to Pay for all Overtime Wages Earned (*Labor Code §§ 510 and 1194 and IWC Wage Order No. 7-2001  section 3*);** <br> 4. **Failure to Pay Minimum Wage and Pay for all Wages earned and Pay for Vacation Time, (*Labor Code §§ 204, 227.3, 1194 and 1197*);** <br> 5. **Failure to Reimburse Required Business Expenses (*Labor Code section 2802*);** <br> 6. **Failure to Maintain Accurate Payroll Records, Improper Wage Statements (*Labor Code §§ 226(a), 432, 1174 1198.5 and IWC Wage Order No. 7-2001 sections 7*);** <br> 7. **Failure to Pay Wages Upon Separation *Labor Code §§ 201 – 203*;** |

- 1 -

1

2

3

4

5

6

7

8

9

10

                                                            )
8. **Failure to Pay for Sick Days** *(Lab Code §§246(a), 246.5);*
)
9. *Failure to Pay COVID-19 Supplemental Sick Leave (Labor Code §§ 246, 248.1, 248.2, 248.6);*
)
10. **Failure to Provide Suitable Seating** *(IWC Wage Order No. 7-2001, §14)*
)
11. **Violation of California Business and** *Professions Code §17200, et seq.;*
)
12. **Civil Penalties Pursuant to** *Labor Code § 2699* **(PAGA Penalties);**
)
)
)
**DEMAND FOR JURY TRIAL**
)

        COMES NOW PLAINTIFF, IRIS RIOS, as an individual and on behalf of all others similarly situated, and alleges as follows:

        The allegations in this Class Action Complaint, stated on information and belief, have evidentiary support and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery. and

## NATURE OF THE ACTION

1.   Defendants, SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC. maintain their principal location in Denton, Texas, however they are authorized to do business in the State of California and hire employees from different counties, including Orange and Los Angeles counties.

2.   During the relevant timeframe, Plaintiff and Class Members were employed by Defendants at their store located at 2200 Harbor Blvd., Costa Mesa, California 92627; and other locations throughout the County of Orange and Los Angeles and in other counties in the State of California.

3.   This class action for relief arises from Defendant's failure to provide rest periods and meal periods as required by law; failure to compensate Plaintiff and Class Members at the required rate for each occasion in which Defendant failed to provide rest and meal breaks; failure to pay minimum wage and overtime wages; failure to pay for sick days, failure to pay for days of rest, failure to reimburse for business expenses, failure to pay COVID-19 supplemental sick leave, failure to keep accurate payroll records, such that Plaintiff and

- 2 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

Class Members were given wage statements that did not accurately reflect all the hours worked and all wages earned; and failure to pay wages due upon separation.

## THE PARTIES

4. Plaintiff IRIS RIOS is a resident of California.

5. Defendants, SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC. at all times mentioned herein were employers whose employees worked for them at 2200 Harbor Blvd., Costa Mesa, California 92627, and in other locations throughout the Counties of Orange and Los Angeles and in other counties in the State of California.

6. The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff and Class Members at this time, who therefore, sue said Defendants by fictitious names, DOES 1 to 50, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff and Class Members are informed and believe and thereon alleges that each of the Defendants designated as a DOE are legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff and Class Members as herein alleged.

7. Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendants," such reference shall refer to all Defendants.

8. Plaintiff and Class Members, on information and belief and based upon such basis, allege that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee of each of the other Defendants, within the scope of said agency and employment.

9. During the times and places of the incident in question, Defendants, and each of them, their agents, servants and employees became liable to Plaintiff and Class Members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

10. Plaintiff and Class Members, on information and belief and based upon such basis, allege that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

11. Plaintiff and Class Members, on information and belief and based upon such basis, allege that Defendants' founders, owners, shareholders, executive officers, managers, and

- 3 -

supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiff and Class Members.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to California *Code of Civil Procedure* § 410.10. The damages exceed the jurisdictional minimum of this Court.

13. Venue is proper in this Court, because Defendants employ persons within the County of Orange, and have violated the requirements of the California Labor Code and applicable Wage Order in this county which gives rise to the penalties sought in this action. Cal. Code Civ. P. § 393. Specifically, Defendants have violated the requirements of the California Labor Code and the applicable Wage Order in at least one location within the County of Orange, Pursuant to California Civil Code of Procedure section 393, venue is proper for the recovery of a penalty or forfeiture imposed by statute in the county in which the cause, or some part of the cause, arose. Because Defendants have employees in Orange County and Plaintiff, filing this action on behalf of all aggrieved employees, is aware that there are aggrieved employees residing in Orange County, she should be allowed to bring this action to recover penalties in Orange County, therefore, venue is proper.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

14. Plaintiff and Class Members are informed and believe that Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC. maintain their principal location in Denton, Texas, however they are authorized to do business in the State of California and hire employees from different counties, including Orange and Los Angeles counties.

15. During the relevant timeframe, Defendants employed Plaintiff and Class Members as non-exempt hourly employees.

16. Plaintiff IRIS RIOS, was hired by Defendants since 2011 but she left the employment in 2022 and then returned to again work for the Defendants during March 2023 but was fired on or about September 25, 2023. She was employed as a Store Manager. Her last pay rate was $27.00/hour

17. Defendants have implemented company-wide practices and/or policies, to require employees to perform tasks while off the clock. Defendant refused to pay the employees, for work performed off the clock.

18. During the relevant timeframe, Defendants failed to pay overtime wages to Plaintiff and Class Members at the legal rates of pay for all overtime hours worked, including the time worked off the clock.

19. Defendants failed to pay minimum wages at the legal rates of pay for all the hours worked.

20. During the relevant timeframe, Plaintiff and Class Members worked shifts of over four hours, and were not given a ten-minute, uninterrupted rest break for each such shift. Plaintiff and Class Members worked during the rest periods either under the direction and supervision of Defendants, or with Defendants' knowledge and consent. Furthermore, Defendants created schedules that made it difficult or impossible for Plaintiff and Class Members to take their rest breaks.

21. During the relevant timeframe, Plaintiffs and Class Members worked shifts of over five (5) hours, and were not given a thirty-minute, uninterrupted meal break for each such shift. Plaintiff and Class Members worked during the meal periods either under the direction and supervision of Defendants, or with Defendants' knowledge and consent. Furthermore, Defendants created schedules that made it difficult or impossible for Plaintiff and Class Members to take their first and second meal breaks.

22. Defendants failed to properly compute shift differential wages earned by Plaintiff and other Employees into their regular rate of pay for purposes of paying them meal and rest period premiums, overtime wages, and sick pay wages at the correct rates, in violation of Labor Code sections 226.7, 246, 510, 512, 558 and 1194. Defendants paid Plaintiff and other Employees shift differential wages; however, Defendants failed to properly blend these shift differential wages, and instead paid Plaintiff and other Employees meal and rest period premiums, overtime wages, and sick pay wages based only on the base hourly rate of pay, thus depriving Employees of all meal and rest period premiums, overtime wages, and sick pay wages earned. This violates Labor Code 98 226.7, 240, 310, 312, 228 and 1194.

23. Defendants have implemented company-wide practices and/or policies, to require employees to perform tasks during their meal.

24. Defendants failed to compensate Plaintiff and Class Members at the required rate for each occasion in which Defendants failed to provide rest breaks and meal breaks. As such,

- 5 -

Defendants failed to pay for all the hours worked and all wages earned by Plaintiff and Class Members.

25. Defendants failed to compensate Plaintiff and Class Members at the required rate for each occasion in which Defendants failed to provide rest breaks.

26. Defendants have implemented company-wide practices and/or policies, to require employees, in order to perform their work tasks and duties, to use their own money such as their own mobile phones. Plaintiff and Class Members were not reimbursed for such expenses.

27. During the relevant timeframe, Defendant employed Plaintiff as a non-exempt employee. She worked 5 days per week and her schedule included Saturdays. Plaintiff routinely had to work more than 4 hours a day, and over 5 hours a day, but without any rest breaks and no first/second meal breaks. She was not paid accurate wages for all the hours she worked. She was not paid any overtime or accurate overtime. She was not paid premium wages for missed rest breaks and meal breaks. She was not paid for her sick days and COVID-19 Supplemental Paid Sick Leave. She was not paid for her business expenses.

28. During the relevant timeframe, Defendants have implemented company-wide practices and/or policies, pursuant to which Defendants failed to provide 80 hours of COVID-19 Supplemental Paid Sick Leave and to compensate employees at their regular rate of pay for COVID-19 supplemental sick leave.

29. Defendants terminated Plaintiff from her employment on or about September 25, 2023, because Plaintiff needed and requested accommodations after a knee surgery. When terminated, Defendants refused to pay her accurate final wages.

30. Defendants terminated Plaintiff, but failed to tender her final paycheck with accurate dollar amounts, for all the hours worked, and without all the premium wages she was entitled to, within the timeframe prescribed by law. As such, Plaintiff is seeking her final paycheck, along with waiting time penalties.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification. The class shall be defined as follows:

CLASS ACTION COMPLAINT FOR DAMAGES

"All persons who were employed as non-exempt employees by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC, in the State of California during the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit, through the entry of final judgment in this action."

32. Plaintiff proposes that the following sub-classes be created:

A. A proposed sub-class (*hereinafter* "Rest Period Class") is defined as: All individuals who have been employed and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who did not receive their required rest breaks pursuant to the California Labor Code and/or applicable orders of the IWC.

B. A proposed sub-class (*hereinafter* "Meal Period Class") is defined as: All individuals who have been employed and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who did not receive their required meal breaks pursuant to the California Labor Code and/or applicable orders of the IWC.

C. A proposed sub-class (*hereinafter* "Underpaid Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who were not paid full complete and accurate compensation for all hours worked and inaccurate vacation.

D. A proposed sub-class (*hereinafter* "Overtime Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who were not paid full complete and accurate compensation for all overtime worked.

**CLASS ACTION COMPLAINT FOR DAMAGES**

E. A proposed sub-class (*hereinafter* "Sick Day Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who were not paid for their sick days.

F. A proposed sub-class (*hereinafter* "Wage Statement Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit whose wage statements did not accurately reflect gross wages earned. Specifically, all the hours worked, the overtime and additional hours of pay employees earn for each workday they did not receive a meal and/or rest break. This subclass includes the class members whose final paycheck did not accurately reflect gross wages earned. Specifically, all the hours worked, the overtime and additional hours of pay employees earn for each workday they did not receive a meal and/or rest break.

G. A proposed sub-class (*hereinafter* "Final Paycheck Class") is defined as: All individuals who were employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who did not receive their final paycheck within 72 hours after the final day of work or at the time of their termination.

H. A proposed sub-class (*hereinafter* "Minimum Wage Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who did not receive at least the minimum wage for all the hours worked.

I. A proposed sub-class (*hereinafter* "Payroll Records Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within

- 8 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit for whom Defendants failed to maintain accurate payroll record(s).

J.  A proposed sub-class (*hereinafter* "Reimbursement Class") is defined as:  All individuals who have been and are currently employed at Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who did not receive reimbursement of applicable business-related expenses and costs incurred.

K.  A proposed sub-class (*hereinafter* "COVID-19 Supplemental Sick Leave Class") is defined as:  All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who were not afforded COVID-19 supplemental sick leave nor paid therefor.

L.   A proposed sub-class (*hereinafter* "Gratuities Class") is defined as: All individuals who have been and are currently employed by Defendants SALLY BEAUTY SUPPLY LLC., and SALLY BEAUTY HOLDINGS INC., within the relevant time periods prior to the filing of this Complaint until resolution of this lawsuit who were not paid the Gratuities they were entitled to receive.

33. The proposed class (*hereinafter* "Class") shall consist of all individuals found in the following sub-classes:  Meal Period Class, Rest Period Class, Underpaid Class, Overtime Class, Sick Day Class, Wage Statement Class, Final Paycheck Class, Minimum Wage Class, Payroll Records Class, Reimbursement Class, Gratuities Class and COVID-19 Supplemental Sick Leave Class.

34. All claims alleged herein arise under California law and Plaintiff and Class Members seek relief authorized by California law.

35. Excluded from the Class are Defendant(s) in this action, any entity in which Defendant(s) have a controlling interest, any officers, directors, and shareholders of Defendant, and legal representatives, heirs, successors, and assigns of Defendants

**CLASS ACTION COMPLAINT FOR DAMAGES**

36. There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

37. <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Class is unknown to Plaintiff at this time.  However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

38. <u>Typicality</u>:  Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

39. <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that she has an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiff's attorneys and proposed Class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

40. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

41. There are common questions of law and fact as to the Class (and each subclass, if any), that predominate over questions affecting only individual members, including but not limited to:

42. Whether Defendants had a policy of not providing uninterrupted statutory mandated rest periods to Plaintiff and Class Members or compensation for rest periods;

43. Whether Defendants had a policy of not providing uninterrupted statutory mandated meal periods to Plaintiff and Class Members or compensation for meal periods;

44. Whether Defendants created schedules in such a manner that made it difficult or impossible for Plaintiff, and similarly situated Class Members, to take uninterrupted rest periods;

45. Whether Defendants created schedules in such a manner that made it difficult or impossible for Plaintiff, and similarly situated Class Members, to take uninterrupted meal periods;

46. Whether Defendants failed to pay Plaintiff and Class Members for the overtime hours worked during the relevant timeframe;

47. Whether Defendants failed to reimburse Plaintiff and Class Members for their business expenses;

48. Whether Defendants failed to pay Plaintiff and Class Members their sick pay;

49. Whether Defendants had a policy of requiring Plaintiff and Class Members to work beyond the reported hours (off-the-clock);

50. Whether Defendants failed to pay Plaintiff and Class Members for the total hours worked during the relevant timeframe;

51. Whether Defendants failed to keep accurate payroll records, such that inaccurate wage statements were issued to Plaintiff and Class Members;

52. Whether Defendants failed to pay Plaintiff and Class Members an accurate and timely final paycheck;

53. Whether Defendants failed to pay Plaintiff and Class Members at least minimum wage for all the hours worked;

54. Whether Defendants willfully misclassified Plaintiff and any of Class Members as exempt;

55. Whether Defendants failed to pay Plaintiff and Class Members COVID-19 Supplemental Sick Leave;

56. Whether Defendants improperly retained, converted, appropriated, or deprived Plaintiff and other Class Members of the use of monies or sums, which Plaintiff and Class Members were legally entitled to; and

57. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

### *Unpaid Missed Rest Breaks*

### *(Labor Code §§ 226.7(a), 516, 1198 and IWC Wage Order section 12)*

*(By Plaintiff and on Behalf of all Similarly Situated Class Members,*

*Against All Defendants)*

58. Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in preceding paragraphs of this Complaint.

59. At all times herein set forth, Labor Code § 218 authorizes an employee to sue directly for any wages or penalty due to him or her under this article of the Labor Code.

60. At all times herein set forth, Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

61. The language of IWC Wage Order section 12 relating to rest periods tracks the language of the Labor Code. (*Code of Regulations*, title 8, section 11070, subd. 12). Pursuant to IWC Wage Order No. 7-2001 section 12 "the authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deductions from wages."

62. During the relevant time period, Plaintiff and Class Members worked more than three and one-half (3 ½) hours per workday, and were not allowed to take paid rest breaks that they were legally entitled to pursuant to IWC Wage Order No. 7-2001 section 12.

63. Defendant's conduct, as alleged herein, violates IWC Wage Order No. 7-2001 section 12 and Labor Code § 226.7, and also California Code of Regulations, Title 8, section 11020, which provides that no employer shall require any employee to work during any rest period mandated by an applicable order of the IWC.

64. Pursuant to Labor Code § 226.7(b), and IWC Wage Order No. 7-2001 section 12, Plaintiff and Class Members are entitled to recover from Defendant one (1) additional hour of pay at

**CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiff and Class Members' regular rate of compensation for each workday that a rest period was not provided, during the relevant time period.

## SECOND CAUSE OF ACTION

### *Unpaid Missed Meal Breaks*

*(Labor Code §§ 226.7(a), 512(a), 516, 1198 and IWC Wage Order No. 7-2001  section 11)*

*(By Plaintiff and on Behalf of all Similarly Situated Class Members,*

*Against All Defendants)*

65. Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set out in preceding paragraphs of this Complaint.

66. At all times herein set forth, Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

67. At all times herein set forth, Labor Code § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

68. At all times herein set forth, Labor Code § 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

69. At all times herein set forth, Labor Code § 512(a) further provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee, only if the first meal period was not waived.

70. The language of IWC Wage Order No. 7-2001    section 11 relating to meal periods tracks the language of the Labor Code. (*Cal. Code Regs.*, tit. 8, section 11020, subd. 11.)

71. During the relevant time period, Plaintiff and Class Members were required to work in excess of five (5) hours and/or ten (10) hours without receiving a first or second "uninterrupted" meal period of not less than thirty (30) minutes.

- 13 -

CLASS ACTION COMPLAINT FOR DAMAGES

72. Defendants fostered a work environment where the taking of uninterrupted thirty (30) minute meal breaks by its employees was essentially prohibited because Defendant was more concerned about their profit margin, than their own employees' welfare. As such, Plaintiff and Class Members could not take any thirty (30) minute uninterrupted meal breaks without the risk of being reprimanded or terminated.

73. Because Defendants failed to afford proper meal periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each meal period not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Order No. 7-2001, section 11(D).

74. By violating California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5, section 10, Defendants are also liable to Plaintiff and Class Members for reasonable attorneys' fees and costs under California Labor Code § 218.5.

## THIRD CAUSE OF ACTION

### *Failure to Pay All Overtime Wages Earned*

### *(Labor Code §§ 510 and 1194 and IWC Wage Order No. 7-2001 section 3)*

*(By Plaintiff and on Behalf of all Similarly Situated Class Members,*

*Against All Defendants)*

75. Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in preceding paragraphs of this Complaint.

76. At all relevant times during the applicable limitations period, Plaintiff and Class Members have been non-exempt employees of Defendants and entitled to the benefits of California Labor Code §§ 510 and 1194 and the applicable Wage Order.

77. Section 2(G) of the Wage Order defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

78. In relevant part, Section 3 of the applicable Wage Order states: (A) Daily Overtime-General Provisions:

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend

- 14 -
CLASS ACTION COMPLAINT FOR DAMAGES

school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(2) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

79. California Labor Code § 510 states: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

80. With respect to overtime wages, the regular rate of pay under California law must include "all remuneration for employment paid to, on behalf of, the employee." O.L. 2002.06.14 (quoting 29 U.S.C. Section 207(e)). This requirement includes, but is not limited to,

commissions and nondiscretionary bonuses. See *Huntington Memorial Hosp. v. Superior Court* (2005) 131 Cal App. 4th 893, 904-05. Defendant's payrate for employees is not factoring in applicable rates of pay relating to non-discretionary bonus payments.

81.  Defendants have understaffed their stores. Not only has this practice resulted in widespread missed meal and rest breaks, but it has also caused Plaintiff and other employees to perform work while off-the- clock. Defendants have actual or constructive knowledge of this off-the-clock work and subtly condones it. Plaintiff and other employees routinely arrive to work early to check so that they are prepared and ready to begin performing their duties promptly at the start of their shifts, as they must be pursuant to the requirements of Defendants. Defendants know that Plaintiff and other employees perform this work off-the-clock.

82. Plaintiff and Class Members have been damaged in a sum to be proven and request relief as described below.

## FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wage, Pay for all Wages Earned (Labor Code §§ 204, 227.3, 1182.12, 1194, 1197 and 1198);*

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

83. Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in preceding paragraphs of this Complaint.

84. California Labor Code § 204 requires California employers to pay employees for all wages earned.  California Labor Code § § 1194 and 1197 require minimum wage payments.

85. Defendants failed to compensate Plaintiff and Class Members for all hours worked, including, but not limited to, the hours Plaintiff and Class Members worked during their rest and meal breaks, and for which they did not receive the proper compensation under the law, and, for each work day during which they were ordered to work while they were off the clock. Defendants required Plaintiff and Class Members not to report all their working hours. Plaintiff and Class Members did not receive minimum wages for all the hours they worked.

86. Defendants failed to accurately compensate Plaintiff and Class Members for their vacation money.

87. Plaintiff and Class Members have been damaged in a sum to be proven and request relief as described below.

## FIFTH CAUSE OF ACTION

### Failure to Reimburse Required Business Expenses

### (Labor Code section 2802)

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

88. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in each and all previous paragraphs of this Complaint.

89. Labor Code section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

90. Plaintiff had to spend her own money, such as her own mobile phone, to carry out her duties for Defendant's business, but Defendant failed to accurately reimburse her for these costs.

91. All said expenses were necessary for Plaintiff to fulfill her job functions for the Defendant. Plaintiff sought reimbursement of these necessary expenses incurred at Defendant's direction, but Defendant has refused to reimburse and indemnify Plaintiff for these expenses.

92. Accordingly, Plaintiff has been deprived of legally required reimbursement, and Defendant should be liable to Plaintiff for these sums, plus attorneys' fees, plus interest.

93. The monies retained by Defendants should be deemed Plaintiff's monies, held in trust for Plaintiff and subject to a proper claim for reimbursement and disgorgement.

## SIXTH CAUSE OF ACTION

*Failure to Maintain and Produce Accurate Payroll Records- Improper Wage Statements*

*(Labor Code §§ 226(a), 432, 1174, 1174.5, 1198.5 and IWC Wage Order No. 7-2001 section 7)*

*(By Plaintiff and on Behalf of all Similarly Situated Class Members,*

- 17 -

CLASS ACTION COMPLAINT FOR DAMAGES

*Against All Defendants)*

94. Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated
herein, the material allegations set out in preceding paragraphs of this Complaint.

95. California Labor Code § 226(a), IWC Wage Order No. 7-2001, Section 7, and California
Labor Code § 1174 require employers to maintain accurate payroll records and to provide
semi-monthly or at the time of each payment of wages to furnish each employee with a
statement itemizing, among other things, the total hours worked by the employee.

96. Defendants knowingly and intentionally failed to maintain records as required under
California Labor Code §§ 226(a) and 1174(d) and § 7 of the applicable IWC Order,
including but not limited to the following records: total daily hours worked by each
employee; including but not limited to, applicable rates of pay relating to non-discretionary
bonus payments, overtime and double-time; all deductions; meal and/or rest periods; time
records showing when each employee begins and ends each work period; and accurate
itemized statements that reflect all compensation, rates of pay for all compensation paid
and remuneration owed and due to them.

97. Defendants have violated California Labor Code §§ 226(a) and 1174, and IWC Wage
Order No. 7-2001, Section 7 by willfully failing to keep required payroll records showing
the actual hours worked each day by Plaintiff and Class Members. As a direct and
proximate result of Defendants' failure to maintain payroll records, Plaintiff and Class
Members have suffered economic harm as they have been precluded from accurately
monitoring the number of hours worked and thus seeking payment in connection with the
hours for all the missed rest and meal breaks, overtime, minimum wage, sick days, days of
rest and COVID-19 supplemental sick leave.

98. In 2013, the Legislature amended subdivision (e) of Labor Code section 226, adding
language explaining that an "employee is deemed to suffer injury for purposes of this
subdivision if the employer fails to provide accurate and complete information as required"
by subdivision (a) of that statute, and "the employee cannot promptly and easily determine
from the wage statement alone one or more" of several of the required items, including
total hours worked, all applicable hourly rates in effect, and the corresponding number of
hours worked at each rate. (Lab. Code, § 226, subd. (e)(2)(B).) The amended statute further

**CLASS ACTION COMPLAINT FOR DAMAGES**

provides that " 'promptly and easily determine' means a reasonable person would be able
to readily ascertain the information without reference to other documents or information."
(Lab. Code, § 226, subd. (e)(2)(C).) This provision renders the inquiry an objective one; the
amendment "clarifies that injury arises from defects in the wage statement, rather than from
a showing that an individual experienced harm as a result of the defect." (*Lubin v.
Wackenhut Corp. (2016)* 5 Cal. App. 5th 926, 959; *see also Garnett v. ADT, LLC* (E.D.
Cal. 2015) 139 F. Supp. 3d 1121, 1133 ["Whether an employee suffered injury is based
solely on the information provided on the wage statement."].)

99. Plaintiff has suffered injury and sustained actual damages because the Defendants failed to
provide accurate and complete information as required by any one or more of items (1) to
(9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine
from the wage statement alone the amount of the gross wages or net wages paid to the
employee during the pay period or any of the other information required to be provided on
the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of
subdivision (a). Plaintiff cannot determine which deductions the employer made from gross
wages to determine the net wages paid to the employee during the pay period. Plaintiff has
been damaged in a sum to be proven at trial.

100.    Plaintiff and Class Members are also entitled to $4,000 in damages for Defendants'
violation and being liable for this cause of action, in addition to an award of costs and
reasonable attorneys' fees under Labor Code § 226(e)(1) and $500 under Labor Code of
Labor Code § 1174.5.

## SEVENTH CAUSE OF ACTION

### *Failure to Pay Wages Upon Separation*
### *(Labor Code §§ 201-203)*
*(By Plaintiff and on Behalf of all Similarly Situated Class Members,
Against All Defendants)*

101.    Plaintiff and Class Members incorporate by reference and re-allege, as if fully state
herein, the material allegations set out in previous paragraphs of this Complaint.

102.    Labor Code §§ 201 – 203 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee had given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty form the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

103.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members, no longer employed by Defendants, their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employment in violation of Labor Code §§ 201 – 203.

104.    Plaintiff and Class Members are entitled to statutory damages.

## EIGHTH CAUSE OF ACTION

**Failure to Pay for Sick Days (*Violation of Labor Code §§246, 246(a) and §246.5*)**

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

105.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in each and all previous paragraphs of this Complaint.

106.    Cal. Labor Code Section 246(a) provides: (a) (1) An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section.

107.    Defendants failed and refused to pay Class Members for their sick days. They have been damaged in a sum to be proven and request relief as described below.

## NINTH CAUSE OF ACTION

**Failure to Pay COVID-19 Supplemental Sick Leave (Violation of Cal. Lab. Code §§ 246, 248.1, 248.2, 248.6)**

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

108.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in prior paragraphs of this Complaint.

109.    Various emergency and statutory enactments including Executive Order N-51-20, SB 95, and Labor Code section 248 et seq. ensure access to up to 80 hours of COVID-19 supplemental paid sick leave for eligible employees, including those advised to quarantine or isolate and those caring for COVID-impacted family members.

110.    On information and belief, Defendant knowingly and intentionally failed in their affirmative obligation to provide and pay Covid-19 Supplemental Sick Leave to Plaintiff and Class Members in violation of Labor Code sections 246, 247.5, 248.1, 248.2, and 248.6.

111.    Labor Code section 248.1 requires employers to provide up to 80 hours of Covid-Supplemental Paid Sick Leave to employees for the period of April 16, 2020 to December 31, 2020. Labor Code 248.2 requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through September 30, 2021. Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

112.    Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

113.    Under Labor Code section 248.2, non-exempt employees must be paid Covid-supplemental paid sick leave according to the highest of the following four methods:

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) the regular rate of pay for the workweek in which the employee uses COVID-19
supplemental paid sick leave, (2) the employee's total wages in a 90-day period
divided by total hours worked, (3) the state minimum wage, or (4) the local minimum
wage.

114.    Labor Code section 248.6 requires employers to pay Covid-19 supplemental sick
leave under either one of the following methods: (1) regular rate of pay or (2) the
employee's total wages in a 90-day period divided by total hours worked.

115.    In the case of COVID-19, Defendants were required to provide 80 hours of paid
sick leave to full time employees, in addition to sick pay for part time employees. As
applied to food sector workers like Plaintiff and Class Members, employees who
work full time are entitled to 80 hours of paid sick leave, and employees who work
part time are similarly entitled to sick leave, if the worker is subject to a Federal,
State, or local quarantine or isolation order related to COVID-19, or the worker is
advised by a health care provider to self-isolate or self-quarantine due to health
concerns related to COVID-19, or the worker is prohibited from working by the
worker's hiring entity due to health care concerns related to the potential transmission
of COVID-19.

116.    California Labor Code § 248.2 applies to employers who employ more than 25
employees, as defined under subdivision (b) of California Labor Code § 245.5.

117.    Defendants are covered employers under relevant sick pay laws including N-51-
20, SB 95, and the recently enacted Labor Code 248 et seq. since it employs more
than 25 employees, and Plaintiff and Class Members are covered employees. Plaintiff
and Class Members were required to take time off due to COVID-19 related illness or
quarantine requirements yet received zero sick pay.

118.    Defendants failed to provide 80 hours of COVID-19 Supplemental Paid Sick
leave and compensate aggrieved employees at their regular rate of pay for
supplemental sick leave, i.e., their highest regular rate of pay, taking into
consideration non-discretionary bonuses, etc., in violation of California Labor Code

§§ 248.1(b)(3)(A) and 248.6. Defendants also failed to provide COVID-19 Supplemental Sick Leave to aggrieved employees in addition to regular sick leave, in violation of California Labor Code § 248.1(b)(2)(D). Defendants also failed to accurately reflect any offset and/or the current amount of COVID-19 Supplemental Sick Leave available to aggrieved employees on their wage statements, in violation of California Labor Code §§ 248.1(b)(2)(D), 248.2, 248.6 and for the reasons provided herein.

119.    On information and belief, Defendants failed to provide and pay Covid-19 supplemental paid sick leave in the manner described above because Defendants failed to pay Class Members such sick leave at one of the rates authorized by statute.

120.    As a result of these practices, Defendants have violated Cal. Labor Code §§218, 246, 248, 510, 1194, 1197, 1198 and Industrial Welfare Commission Wage Orders paragraph(3)(A)(1) for failure to pay sick pay wages. Employers are liable for civil penalties pursuant to Cal. Labor Code §558.

121.    Defendant is also liable to Class Members for attorneys' fees, costs and interest pursuant to CCP § 1021.5.

## TENTH CAUSE OF ACTION

### Failure to Provide Suitable Seating (IWC Wage Order No. 7-2001, §14)

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

122.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in prior paragraphs of this Complaint.

123.    IWC Wage Order No. 7-2001, § 14 provides:

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be

permitted to use such seats when it does not interfere with the performance of

their duties.

124.    Defendants failed to provide suitable seating by not providing any seats or stools
for those employees working who's the nature of the work reasonably permits the use
of seats for employees who work for the Defendants.

## ELEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

*(By Plaintiff and on Behalf of all Similarly Situated Class Members, Against All Defendants)*

125.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material
allegations set out in prior paragraphs of this Complaint.

126.    California Business & Professions Code Section 17200 prohibits unfair competition in
the form of any unlawful, unfair, or fraudulent business act or practice.

127.    California Business & Professions Code Section 17204 allows "any person acting for the
interest of itself, its members or the general public" to prosecute a civil action for
violation of the UCL.

128.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing
of this action, Defendants have improperly, fraudulently, and unlawfully failed to provide
Plaintiff and Class Members with meal and rest breaks, failed to provide compensation
for the missed meal and rest breaks, failed to provide compensation for all hours worked
and all wages earned, failed to pay compensation for all overtime hours worked,
provided Plaintiff with inaccurate wage statements, failed to reimburse employees for
incurred business expenses, failed to pay for sick days, failed to pay for days of rest,
misclassified Plaintiff and Class Members as exempt, failed to pay COVID-19
Supplemental Sick Leave and have thereby committed unlawful, unfair, and/or
fraudulent business acts and practices as defined by California Business & Professions
Code Section 17200, by engaging in the following:

   i.   Failing and refusing to provide meal periods and rest breaks to Plaintiff;

**CLASS ACTION COMPLAINT FOR DAMAGES**

ii.   Failing to pay all accrued meal period and rest break compensation to
      Plaintiff;

iii.  Failing to reimburse all business expenses;

iv.   Failing to pay accurate final paychecks;

v.    Failing to allow sick leave and illegally requiring medical proof;

vi.   Failing to pay for days of rest;

vii.  Failing to pay for all hours worked and pay for all overtime compensation to
      Plaintiff and Class Members;

viii. Failing to pay minimum wage to Plaintiff and Class Members;

ix.   Failing to maintain accurate payroll record and provide accurate itemized
      wage statement to Plaintiff and Class Members;

x.    Misclassifying employees as exempt;

xi.   Failing to pay for COVID-19 Supplemental Sick Leave;

xii.  Failing to allow inspection of employment records, and

xiii. Failing to pay all the gratuities Plaintiff and Class Member were entitled to
      receive;

The violation of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of California Business and Professions Code Section 17200.

129.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff has suffered economic injuries including, but not limited to, compensation for missed meal periods and overtime hours worked. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in failing to provide meal period and rest break compensation to Plaintiff, as well as compensation for overtime hours worked, minimum wage, sick day, days of rest, all the gratuities, reimbursement of business expenses, and COVID-19 supplemental sick leave.

130.   Plaintiff is entitled to restitution pursuant to California Business & Professions Code Sections 17203 and 17208 for all meal period and rest break compensation, unpaid wages, unpaid gratuities and interest since four years prior to the filing of this action.

**CLASS ACTION COMPLAINT FOR DAMAGES**

131.  Plaintiff is entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to California Business & Professions Code Section 17202.

132.  Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff, sues on behalf of herself and the general public.  Plaintiff seeks and is entitled to unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

133.  Injunctive relief is necessary and appropriate to prevent Defendants from continuing and repeating their unlawful, unfair and fraudulent business acts and practices alleged above.

134.  In order to prevent Defendants from profiting and benefitting from their wrongful and illegal acts and continuing those acts, an order is necessary requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to the Plaintiff, from whom they were unlawfully taken.

135.  Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action, which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure Section 1021.5.

136.  By all of the said foregoing alleged conduct Defendants has committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code Section 17200, et seq.

137.  As a direct and proximate result of the unfair business practices described above, Plaintiff has suffered significant losses and Defendants have been unjustly enriched.

138.  Pursuant to Cal. Business & Professions Code Section 17203, Plaintiff is entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against Defendants' continuation of their unfair business practices, and (c) a declaration that Defendants' business practices are unfair within the meaning of the statute.

### TWELFTH CAUSE OF ACTION
*Civil Penalties Pursuant to Labor Code § 2699*
*(PAGA penalties)*
*(By Plaintiff, as the representatives of Aggrieved Employees, Against All Defendants.)*

CLASS ACTION COMPLAINT FOR DAMAGES

139.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in previous paragraphs of this Complaint.

140.    Plaintiff on behalf of the people of the State of California and as "Aggrieved Employees" acting as a private attorney under the California Labor Code Private Attorneys General Act of 2004, §2698, *et seq.*, brings this action, on a representative basis. All current and former employees of Defendant within one year of serving notice on the LWDA to the present are Aggrieved Employees.

141.    Defendant failed to comply with Labor Code requirements due to erroneous, willful and intentional employment practices and policies. Plaintiff brings this representative action on behalf of herself, all other similarly situated aggrieved employees, and the State of California, based upon the claims articulated below. Plaintiff provided notice of the claims pursuant to § 2698 *et. seq.*, to the Labor and Workforce and Development Agency ("LWDA") as illustrated by the attached Exhibit, the content of which is expressly incorporated herein. The LWDA has not provided any notice to Plaintiff following the exhaustion of the 65-day notice period required by 2699.3(a)(2)(B). Accordingly, Plaintiff now brings this Complaint for civil penalties under the Private Attorneys General Act ("PAGA"), *Labor Code* §2698 *et seq.*

142.    As a result of the actions alleged herein, Plaintiff seeks penalties under Labor Code sections 2698 and 2699 because of Defendants' violation of Labor Code sections 98.6, 201-204, 206, 210, 216, 218.5, 221, 225.5, 223, 226, 226(a), 226(b), 226.2, 226.3, 226.7, 226.8, 227.3, 233, 234, 246, 248.1, 248.2, 248.6, 256, 351, 510-512, 551-553, 558, 558.1, 1174, 1174.5, 1193.6, 1194-1197.5, 1198-1199.5 and 2698-2699, 2699.5, 2802, 2810.5 and applicable IWC, which call for civil penalties.

143.    Plaintiff and Aggrieved Employees request penalties pursuant to Labor Code § 2699:

A. As applicable, for civil penalties under Labor Code § 2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

- 27 -

B. As applicable, civil penalties under Labor Code § 558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code sections 218, 246, 246.5, 248.1, 248.2, 248.5, 248.6, 510, 1194, 1197, 1198 and 500-556, in the amount of $50.00 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100.00 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

C. As applicable, for civil penalties under Labor Code section 1197.1 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code sections 1194 and 1197, in the amount of $100.00 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid in addition to an amount sufficient to recover underpaid wages, and $250.00 for each subsequent violation for each underpaid aggrieved employee regardless of whether the initial violation was intentionally committed in addition to an amount sufficient to recover underpaid wages;

D. As applicable, for civil penalties under Labor Code § 210 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each employee who is/was not paid wages in accordance with Labor Code §§ 201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5) in the amount of a civil penalty of $100.00 for each aggrieved employee per pay period for each initial violation, and $200.00 for each aggrieved employee per pay period for each subsequent violation;

E. As applicable, for civil penalties under Labor Code § 226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code § 226(a), in the amount of $250.00 for each aggrieved employee per pay period for each violation and $1,000.00 for each aggrieved employee per pay period for each subsequent violation; and

F.  As applicable, for any and all additional civil penalties and sums as provided by
the Labor Code and/or other relevant statutes.

144.  In addition, Plaintiff seeks seventy-five percent (75%) of all penalties obtained
under Labor Code section 2699 to be allocated to the LWDA, for education of
employers and employees about their rights and responsibilities under the Labor
Code, and twenty-five percent (25%) to Plaintiff and all other similarly situated
aggrieved employees.

145.  Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant
to Labor Code section 2699(g)(1) and any other applicable statute.

146.  Labor Code section 2699.3 provides: "The aggrieved employee or representative
shall give written notice by certified mail to the Labor and Workforce Development
Agency and the employer of the specific provisions of this code alleged to have
been violated, including the facts and theories to support the alleged violation."

147.  Plaintiff complied with Labor Code section 2699.3. Written notice was served on
Defendants in accordance with the provision of Section 2699.3, on October 19,
2023.  Amended Written notice was served on December 14, 2023.  To date, the
California Labor and Workforce Development Agency has not provided Plaintiff
with a notice of intent to investigate these violations, and more than 65 days have
since passed from the postmark date of the notice provided by Plaintiff. Attached to
this Complaint as **Exhibit "A"**, are a copies of the proof of mailing. Moreover,
Defendants have failed to provide Plaintiff with notice that they have cured the
violations, will cure the violations now, or will cure the violations in the future.
Consequently, pursuant to Labor Code section 2699.3(a)(2)(A), Plaintiff may
proceed and file a complaint for penalties pursuant to Labor Code section 2699.

## REQUEST FOR JURY TRIAL

Plaintiff and Class Members demand a trial by jury of all issues in this action
triable by a jury, including but not limited to issues of liability and damages, except
for the UCL and PAGA claims which are subject to a bench trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and the proposed Class, prays for judgment and the following specific relief against Defendant as follows:

1. That the Court certify the proposed Class and Subclasses, and any other class or subclasses as appropriate under California Code of Civil Procedure § 382;

2. That Plaintiff be appointed as the Class Representative;

3. That The Law Offices of Farrah Mirabel be appointed as Class Counsel;

4. Unpaid wages and compensation, and statutory penalties, according to proof;

5. For compensatory damages in the amount of Plaintiff and Class Members' expenses for business purposes and/or reimbursement of monies incurred while performing Defendant's business-related duties plus interests, costs and attorneys' fees pursuant to Cal. Code Civ. Proc. §2802(c);

6. Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above, and requiring the establishment of appropriate and effective policies, procedures, and practices in place to prevent future violations, including the maintenance of records that comply with California Labor Code § 226 and the applicable Wage Order(s);

7. Declaratory relief;

8. Liquidated damages pursuant California Labor Code §1194.2, for Defendants' violations of the minimum wage provisions of California Labor Code section 1197, according to proof;

9. Reasonable attorneys' fees and costs pursuant to, *inter alia*, California Labor Code §§ 218.5, 226, 1194, 1198.5 and 2802, and California Code of Procedure § 1021.5;

10. Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, *inter alia*, California Labor Code §§ 218.6, 1194,1197, and any other applicable statute;

11. For injunctive relief requiring Defendant to comply with Labor Code 1198.5(b)(1);

12. Civil penalties pursuant to Labor Code §§ 551, 552 and 558:

13. Civil damages and penalties pursuant to any and all applicable law;

14. Unpaid wages and compensation, and statutory penalties, according to proof;

15. Penalties pursuant to California Labor Code § 1198.5(k);

16. Exemplary and punitive damages;

17. For penalties under Labor Code §§ 2698-2699 and 2699.5;

- 30 -

18. For such other and further relief as the court deems just and proper.

DATED: December 31, 2023                    **LAW OFFICES OF FARRAH MIRABEL**

BY:    /s/ Farrah Mirabel
Farrah Mirabel, Esq.
ATTORNEYS FOR PLAINTIFF
IRIS RIOS, as an
individual and On behalf of all others similarly situated

**CLASS ACTION COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sally Beauty Supply LLC
Sally Beauty Holdings Inc.
3001 Colorado Blvd.
Denton, TX 76210

9590 9402 7078 1251 4654 24

2. Article Number (Transfer from service label)

9589 0710 5270 0101 9430 98

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Don Wiggins*    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Don Wiggins    10-25-23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**USPS TRACKING #**



9590 9402 7078 1251 4654 24

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Law Offices of Farrah Mirabel
1070 Stradella Rd.
Los Angeles, CA 9077

re: PAGA Notice letter Iris Briseida Rios v.
Sally Beauty Holdings Inc. Sally Beauty
Supply LLC.

-260870

*Law Offices of*

*Farrah Mirabel*

*Fmeiq@fmirabel.com*
*1070 Stradella Rd.*
*Los Angeles, California 90077*
*Tel (714) 972-0707  Fax (949) 417-1796*

October 19, 2023                                    ***VIA CERTIFIED MAIL***

Attn. PAGA Administrator
California Labor and Workforce Development Agency
1515 Clay Street, Ste. 801
Oakland, CA 94612
(510) 286-1362

***Sally Beauty Supply LLC.***
***Sally Beauty Holdings Inc.***
3001 Colorado Blvd
Denton, TX 76210

**CORPORATE CREATIONS NETWORK INC.**
SARAH CLEMENS or TY CHANDLER or LAURA BAKER
AGENTS FOR Sally Beauty Holdings Inc., Sally Beauty Supply LLC.
5901 W. Century Blvd #750
Los Angeles, CA 90045

***In Re PAGA NOTICE LETTER Iris Briseida Rios v. Sally Beauty Holdings Inc., Sally Beauty Supply LLC.***

Dear PAGA Administrator:

Our firm represents the interests of ***Iris Briseida Rios*** (Plaintiff), former employee of ***Sally Beauty Holdings Inc., Sally Beauty Supply LLC.*** (referred to as the "Defendants"). Plaintiff was employed by Defendants since 2011 but was on a leave for 2022 and then was fired on or about September 25, 2023.

The purpose of this notice is to comply with the statutory exhaustion requirements of Labor Code section 2699.3 prior to commencing an action pursuant to Labor Code section 2699, *et seq.* We request that your agency investigate the claims in this letter and the labor code and wage order violations as listed below.

This notice is submitted, at a foundation level, on behalf of the Plaintiff and all other Defendants' aggrieved employees, both current and former, impacted by the alleged Labor Code violations including, *inter alia*, Labor Code sections:

1. **Violation of Labor Code § 226.7(a) (Missed Rest Breaks);**

**CALIFORNIA LWDA**
*PAGA Private Notice*
Page 2

2. **Violation of Labor Code §§226.7, 512, and 1198 (Missed/Interrupted Meal Breaks);**
3. **Violation of Labor Code §§1182.12, 1194, 1194.2, 1197  (Failure to Pay Minimum Wages);**
4. **Violation of Labor Code §§510 and 1194, 1198 (Failure to Pay All Overtime Worked)**
5. **Violation of Labor Code § 204 (Failure to Pay All Wages Earned)**
6. **Violation of Labor Code §§245, 246(a), 246.5, 248.1, 248.2, 248.5, 248.6 (Failure to Pay for Sick Days)**
7. **Violation of Labor Code §§1102-1102.5 (Retaliation for complaining about wages)**
8. **Violation of Labor Code §227.3 (Failure to pay vacation time)**
9. **Violation of Labor Code §§ 226, 432, 1174, 1198.5 and 2810.5, (Failure to Keep Records, Improper Wage Statements)**
10. **Violation of Labor Code §§ 201-203 (Failure to Pay Wages Upon Separation)**
11. **Violation of Labor Code §2802  (Failure To Reimburse Required Business Expenses);**
12. **Civil Penalties Pursuant to Labor Code §§2698, 2699 (PAGA penalties)**

During the relevant timeframe, Defendants employed Plaintiff as non-exempt hourly employee beginning in 2011. Plaintiff's last pay rate was $16 per hour.

Upon information and belief, Plaintiff and the other aggrieved employees were not reimbursed for necessary business expenses incurred. She had to use her own personal cell phone to do her job.

Upon information and belief, other aggrieved employees were not timely paid their final wages.

Plaintiff was not allowed to record the actual working hours but the rounded hours. Upon information and belief, other aggrieved employees also performed off-the-clock work.

Plaintiff and the other aggrieved employees were not paid for several of their sick days. She was also required to provide a doctor's note in order to be paid for sick days.

During the relevant timeframe, Plaintiff and the other aggrieved employees worked shifts of over five hours, and at times, were not given a thirty-minute, uninterrupted meal break for each such shift.

Defendants failed to compensate Plaintiff and the other aggrieved employees at the required rate for each occasion in which Defendants failed to provide rest breaks and meal

*Law Offices of Farrah Mirabel*

CALIFORNIA LWDA
*PAGA Private Notice*
Page 3

breaks. As such, Defendants failed to pay for all the hours worked and all wages earned by Plaintiff and the other aggrieved employees.

Defendants failed to maintain accurate payroll records, such that Plaintiff and the other aggrieved employees were given wage statements which were inaccurate.

Defendants did not issue an accurate final paycheck to Plaintiff and the other aggrieved employees in accordance with the timeframes prescribed by law. For example, Plaintiff's accurate vacation pay was not included.

Plaintiff claims on her own behalf and also on behalf of all past and present employees that they worked overtime hours per day and per week and did not receive compensation for all the hours worked and were not paid accurate overtime.

Plaintiff and the other aggrieved employees were hired to work shifts of over four hours, and were not allowed to take a ten-minute, uninterrupted rest break for each such shift. Plaintiff and the other aggrieved employees worked during the rest periods either under the direction and supervision of Defendants, or with Defendants' knowledge and consent. Plaintiff was a witness that other employees were not able to take their rest breaks either.

Furthermore, Defendants created schedules that made it difficult or impossible for Plaintiff and other employees to take their rest breaks.

Plaintiff and other employees received wages and wage statements which did not account for all the hours worked and did not account for the premiums due to employees for the missed rest and meal breaks, nor accounted for overtime pay for hours employees worked in excess of maximum regular pay hours per work shift and per week. Therefore, Defendants failed to maintain accurate payroll records, such that employees were given wage statements that did not accurately reflect their accurate hours worked and did not reflect the required and due compensation for all the hours worked and breaks missed and/or interrupted.

Defendants failed to compensate Plaintiff and the other aggrieved employees at the required rate for each occasion in which Defendants failed to provide rest breaks.

Therefore, Plaintiff claims that Defendants did not provide her and all other past and present employees with uninterrupted rest breaks and/or meal breaks. Defendants is understaffed and cannot possibly provide its employees including Plaintiff with their statutory breaks. Furthermore, Plaintiff claims that the past and present employees did not receive an hour of premium pay, for each missed break, for all days they did not receive a proper rest break and/or meal break. As a result, Defendants failed to pay its employees for all wages earned.

None of the wage stubs of Plaintiff indicates the actual hours she worked. Defendants were issuing a wage statement, which was inaccurate. Plaintiff claims that because Defendants

*Law Offices of Farrah Mirabel*

**CALIFORNIA LWDA**
*PAGA Private Notice*
Page 4

did not properly compensate its employees for all the hours worked, did not pay for an hour of pay, for each missed break, for all days they did not receive a proper rest break or meal break, and failed to pay them overtime for all hours worked in excess of 8 hours per day and 40 hours per week, or overtime hours per applicable Wage Order, the employees' wage statements did not accurately reflect all the hours worked and the wages earned. As such, Plaintiff claims that Defendants provided all its past and present employees with improper wage statements.

Moreover, Defendants failed to compensate Plaintiff and all past and present employees, at the required rate for each occasion in which Defendants failed to provide rest breaks and meal periods.

As such, Defendants failed to pay for all the hours worked and all wages earned by Plaintiff. During Plaintiff's employment, Defendants failed to pay Plaintiff and the other aggrieved employees all overtime wages at the legal rates of pay for all overtime hours worked and also given the number of the hours Plaintiff was working, her pay rate fell below minimum wage.

Moreover, Defendants failed to timely pay accurate paychecks upon the separation of the employees. Therefore, Plaintiff also claims a violation of Labor Code section 201-203 on behalf of all employees who stopped working for the Defendants.

Plaintiff claims that Defendant's conduct, as stated herein, including not paying its employees all wages owed, including wages for all hours worked, overtime, missed meal and rest breaks, and not providing its employees with accurate wage statements, not paying timely paycheck upon the separation of the employee, has been unfair, unlawful, and harmful to all its past and present employees, including Plaintiff, and to the general public. As such, this letter is written to comply with the notice and reporting requirements of Labor Code section 2699.3.

**Failure to Provide a Safe and Healthful Workplace**: Pursuant to California Labor Code sections 6400-6404 and 6406-6407 of the California Occupational Safety and Health Act ("Cal OSHA"), employers must maintain a safe and healthful place of employment.

Specifically, Labor Code section 6400, requires the following:

> (a) Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein...

Labor Code section 6401 provides as follows:

> Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful.

*Law Offices of Farrah Mirabel*

**CALIFORNIA LWDA**
*PAGA Private Notice*
**Page 5**

> Every employer shall do every other thing reasonably necessary to protect the life,
> safety, and health of employees.

Labor Code section 6401.7 (a) provides as follows:

> Every employer shall establish, implement, and maintain an effective injury
> prevention program.

Labor Code section 6402 prohibits the following:

> No employer shall require, or permit any employee to go or be in any
> employment or place of employment which is not safe and
> healthful.

Similarly, Labor Code section 6404 provides as follows:

> No employer shall occupy or maintain any place of employment that  is not safe
> and healthful.

In addition to the above, Labor Code section 6403 requires that employees provide safety
devices to their employees. Labor Code section 6403 states:

> No employer shall fail or neglect to do any of the following:
> (a) To provide and use safety devices and safeguards reasonably adequate to
> render the employment and place of employment safe. (b) To adopt and use
> methods and processes reasonably adequate to render the employment and place
> of employment safe.
> (c) To do every other thing reasonably necessary to protect the life, safety, and
> health of employees.

Similarly, Labor Code section 6406(d) states the following:

> No person shall do any of the following ... (d) Fail or neglect to do every other
> thing reasonably necessary to protect the life, safety, and health of employees.

Finally, Labor Code section 6407 provides:

> Every employer and every employee shall comply with occupational safety and
> health standards, with Section 25910 of the Health and Safety Code, and with all
> rules, regulations, and orders pursuant to this division which are applicable to his
> own actions and conduct.

Moreover, Labor Code section 6409.6 sets forth the actions an employer (or representative
of employer) must take within one business day of receiving notice of potential exposure
to COVID-19, including but not limited to employee-notice and reporting requirements.

*Law Offices of Farrah Mirabel*

CALIFORNIA LWDA
*PAGA Private Notice*
Page 6

At all relevant times, DEFENDANTS employed PLAINTIFF, NON-EXEMPT AGGRIEVED EMPLOYEES and EXEMPT AGGRIEVED EMPLOYEES subject to Labor Code sections 6400- 6404, 6406, and 6407.

At all relevant times, DEFENDANTS had and have a policy and practice of failing or neglecting to: provide and use safety devices and/or provide reasonable access to sanitation facilities (e.g., toilet facilities) and/or otherwise comply with sanitation standards and safeguards reasonably adequate to render the employment and place of employment safe; adopt and use methods and processes reasonably adequate to render the employment and place of employment safe; and do every other thing reasonably necessary to protect the life, safety, and health of employees, pursuant to Labor Code section 6403.

PLAINTIFF is informed and believes and thereon alleges that these failures include, without limitation, failing to implement and/or effectively administer a proper injury and illness prevention program; failing to disinfect time clocks and/or other surfaces after use by PLAINTIFF and/or other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES; failing to provide adequate protection equipment (e.g., face masks) to PLAINTIFF, other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES.

Based on further information and belief, to the extent sanitation facilities were provided/made accessible at all to PLAINTIFF, other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES, DEFENDANTS failed to maintain facilities that complied with California law, including without limitation, Labor Code Section 2350 and California Code of Regulations, title 8, sections 3203, 3364, 3365 and 3366.

Moreover, at all relevant times, DEFENDANTS had a policy and practice of failing to give sufficient, adequate and proper notice to PLAINTIFF and/or other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT AGGREIVED EMPLOYEES of the COVID-19 exposure within one business day of receiving notice of potential COVID-19 workplace exposure from a qualifying individual as required by Labor Code section 6409.6. PLAINTIFF is informed and believes that numerous employees contracted COVID-19 during the relevant time periods, but that DEFENDANTS failed to provide notice to employees. Based on further information and belief, DEFENDANTS do not or did not keep adequate records of written notifications required in subdivision (a) for a period of at least three years.

At all relevant times, DEFENDANTS had and have a policy and practice of failing within one business day after DEFENDANTS or a representative of DEFENDANTS received notice of potential exposure to COVID-19 to provide written notice to PLAINTIFF, other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES and/or their exclusive representatives, who were on the premises at the same worksite as a qualifying individual who was within the infectious period that they may have been exposed to COVID-19. Based on further information and belief,

*Law Offices of Farrah Mirabel*

CALIFORNIA LWDA
*PAGA Private Notice*
Page 7

DEFENDANTS had and have a policy and practice of failing within one business day after
DEFENDANTS or a representative of DEFENDANTS received a notice of potential
exposure to COVID-19 to provide PLAINTIFF and other NON-EXEMPT AGGRIEVED
EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES who were on the premises
at the same worksite as the qualifying individual within the infectious period and the
exclusive representative, if any, with information regarding COVID-19-related benefits to
which the employee may be entitled under applicable federal, state or local laws, including
but not limited to, workers' compensation, and options for exposed employees, including
COVID-19-related leave, company sick leave, state-mandated leave, supplemental sick
leave, or negotiated leave provisions, as well as antiretaliation and antidiscrimination
protections of the employee. As such, DEFENDANTS violated, without limitation, Labor
Code sections 6409.6 and 6432.

At all relevant times, DEFENDANTS had and have a policy and practice of failing within
one business day after DEFENDANTS or a representative of DEFENDANTS received a
notice of potential exposure to COVID-19 to notify PLAINTIFF and other NON-EXEMPT
AGGRIEVED EMPLOYEES and/or EXEMPT AGGRIEVED EMPLOYEES who were
on the premises at the same worksite as the qualifying individual within the infectious
period, and the employers of the subcontracted employees who were on the premises at the
same worksite as the qualifying individual within the infectious period and the exclusive
representative, if any, of the cleaning and disinfection plan that the employer is
implementing per the guidelines of the federal Centers for Disease Control and Prevention
and the COVID-19 prevention program per the CAL-OSHA COVID-19 Emergency
Temporary Standards. As such, DEFENDANTS violated, without limitation, Labor Code
sections 6409.6 and 6432.

At all relevant times, DEFENDANTS had and have a policy and practice of failing to notify
the local public health agency in the jurisdiction of the worksite of the names, number,
occupation and worksite of employees who had a laboratory-confirmed case of COVID-
19, as defined by the State Department of Public Health; a positive COVID-19 diagnosis
from a licensed health care provider; a COVID-19 related order to isolate provided by a
public health official; or died due to COVID- 19, in the determination of a county public
health department or per inclusion in the COVID-19 statistics of a county. As such,
DEFENDANTS violated, without limitation, Labor Code sections 6409.6 and 6432.

PLAINTIFF is informed and believes and based thereon alleges that DEFENDANTS
violated the Labor Code sections described herein, including without limitation, for failure
to: furnish and use safety devices and safeguards; give sufficient, adequate and proper
notice to employees of COVID-19 exposures, to provide written notice to PLAINTIFF
and/or other NON-EXEMPT AGGRIEVED EMPLOYEES and/or EXEMPT
AGGRIEVED EMPLOYEES, who were on the premises at the same worksite as a
qualifying individual who was within the infectious period that they may have been
exposed to COVID-19 pursuant to California and local laws.

*Law Offices of Farrah Mirabel*

Based on information and belief, DEFENDANTS failed to protect NON-EXEMPT AGGRIEVED EMPLOYEES and EXEMPT AGGRIEVED EMPLOYEES from exposure to COVID-19 due to, including but not limited to, failing to maintain/update DEFENDANTS' workplace safety plans and/or procedures to properly address hazards related to the COVID-19 virus.

As such, DEFENDANTS failed to comply with the occupational safety and health standards, failed to do everything reasonably necessary to protect the health and safety of employees, failed to maintain a safe and healthful workplace, and failed to provide the safety devices necessary to maintain a safe and healthful workplace.

**Seating Violations:** Per section 14(A-B) of all applicable IWC Wage Orders, employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats and when they are not actively engaged in the work duties that would not permit them to be seated.

Based on information and belief, DEFENDANTS failed to provide NON-EXEMPT AGGRIEVED EMPLOYEES with suitable seating, and when such employees were not engaged in duties which required them to stand, no seating was placed in reasonable proximity to their workstations.

Moreover, based on information and belief, the nature of the work reasonably permitted the use of seats for at least part of the time that NON-EXEMPT AGGRIEVED EMPLOYEES were working. Lastly, based on information and belief, there were periods of time when NON-EXEMPT AGGRIEVED EMPLOYEES were not engaged in active duties of their employment, yet there were no suitable seats in reasonable proximity to the work area and use of seats would not interfere with the performance of their duties.

DEFENDANTS' NON-EXEMPT AGGRIEVED EMPLOYEES worked in various positions. The nature of NON-EXEMPT AGGRIEVED EMPLOYEES' work reasonably permitted the use of seats. However, DEFENDANTS failed to provide suitable seating in reasonable proximity to NON-EXEMPT AGGRIEVED EMPLOYEES' work areas in violation of section 14(A-B) of all applicable Wage Orders, and Labor Code sections 1198 and 1199, subjecting DEFENDANTS to civil penalties under Labor Code sections 1199 and 2699. Each violation of each Labor Code section and IWC Wage Order provision, for each NON-EXEMPT AGGRIEVED EMPLOYEE, results in a separate civil penalty.

Defendants failed to provide 80 hours of COVID-19 Supplemental Paid Sick leave and compensate aggrieved employees at their regular rate of pay for supplemental sick leave, i.e., their highest regular rate of pay, taking into consideration non-discretionary bonuses, etc., in violation of California Labor Code § 248.1(b)(3)(A) and §248.6. Defendants also failed to provide COVID-19 Supplemental Sick Leave to aggrieved employees in addition to regular sick leave, in violation of California Labor Code § 248.1(b)(2)(D). Defendants also failed to accurately reflect any offset and/or the current amount of COVID-19 Supplemental Sick Leave available to aggrieved employees on their wage statements, in

CALIFORNIA LWDA
*PAGA Private Notice*
Page 9

violation of California Labor Code §§ 248.1(b)(2)(D), 248.2, 248.6 and for the reasons
provided herein.

**The Named Entities Are Joint Employers of PLAINTIFF and NON-EXEMPT
AGGRIEVED EMPLOYEES and EXEMPT AGGRIEVED EMPLOYEES**

California courts have recognized that the definition of "employer" for purposes of
enforcement of the California Labor Code goes beyond the concept of traditional
employment to reach irregular working arrangements for the purpose of preventing evasion
and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal.4th 35, 65. As
such, anyone who directly or indirectly, or through an agent or any other person, engages,
suffers, or permits any person to work or exercises control over the wages, hours, or
working conditions of any person, may be liable for violations of the California Labor Code
as to that person.

PLAINTIFF is informed and believes and thereon alleges that at all relevant times
DEFENDANTS and unknown entities operated as a single integrated enterprise with
common ownership and centralized human resources as set forth herein. Under California
law, in determining whether two defendant entities are liable as an integrated enterprise,
courts consider four factors: (1) centralized control of labor relations; (2) interrelation of
operations; (3) common management; and (4) common ownership or financial control.
*Laird v. Capital Cities/Abc, Inc.* (1998) 68 Cal.App.4th 727, 737 (overruled on other
grounds, *Reid v. Google, Inc.* (2010) 50 Cal. 4th 512 (2010).)

PLAINTIFF believes and hereon asserts that DEFENDANTS and unknown entities must
be classified as joint employers of PLAINTIFF for purposes of liability for civil penalties
under PAGA, as the aforementioned entities engaged, suffered and permitted PLAINTIFF
to perform services from which they benefited, and furthermore that the aforementioned
entities had the right to exercise control over the wages, hours and/or working conditions
of PLAINTIFF at all relevant times herein, so as to be considered the joint employers of
PLAINTIFF and NON-EXEMPT AGGRIEVED EMPLOYEES and EXEMPT
AGGRIEVED EMPLOYEES. For example, DEFENDANTS, and each of them maintain
the same principal place of business and Agent for Service of Process as provided to the
California Secretary of State and based on information and belief use some of the same
attorneys and human resources personnel to oversee employment- related matters. By
reason of their status as joint employers of PLAINTIFF and NON-EXEMPT
AGGRIEVED EMPLOYEES and EXEMPT AGGRIEVED EMPLOYEES, they are each
liable for civil penalties for violations of the California Labor Code and applicable Wage
Orders as to PLAINTIFF, NON-EXEMPT AGGRIEVED EMPLOYEES and EXEMPT
AGGRIEVED EMPLOYEES.

**Individual Liability Under Labor Code § 558.1**

Labor Code section 558.1 permits joint and several liability as to both an individual and
employer for violations of Labor Code sections 203, 226, 226.7, 1194, and 2802.

*Law Offices of Farrah Mirabel*

CALIFORNIA LWDA
*PAGA Private Notice*
Page 10

DEFENDANTS, at all relevant times, were an employer or person acting on behalf of employer(s) who violated PLAINTIFF's and other NON-EXEMPT AGGRIEVED EMPLOYEES' and EXEMPT AGGRIEVED EMPLOYEES' rights by violating various sections of the California Labor Code. The California Legislature defines "other person acting on behalf of an employer" as "*a natural person* who is an owner, director, officer, or managing agent of the employer." The "managing agent" definition mirrors that found in California's punitive damages statute (subdivision (b) of section 3294 of the Civil Code). Under that statute and supporting case law, "managing agents" are all employees who exercise substantial independent authority and judgment in their corporate decision-making such that their decisions ultimately determine corporate policy. *White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563, 566-67. For the reasons set forth above and others, at all relevant times, any above-listed individuals meet the criteria of managing agents under California law, and therefore, may be held liable under California Labor Code sections 558 and 558.1 for violations of Labor Code §§ 203, 226, 226.7, and 1194 as further described in detail below.

PLAINTIFF intends to further name any unknown individuals responsible for violations arising under Labor Code sections 558 and 558.1 after further discovery. PLAINTIFF will ask the Court to relate the amendment of the PAGA charge and the operative complaint to the date of filing of these charges. PLAINTIFF asks and demands that DEFENDANTS put these individuals on notice immediately to provide them as much notice possible to mount in defense. In the alternative, PLAINTIFF also offers to DEFENDANTS to place those individuals on notice if DEFENDANTS voluntarily provides their contact information.

Plaintiff can be contacted through her attorney of record:

Farrah Mirabel, Esq.
LAW OFFICES OF FARRAH MIRABEL
1070 Stradella Rd.
Los Angeles, California 90077

Plaintiff and the other aggrieved employees are also be entitled to penalties pursuant to Labor Code section 2699, et seq.

Therefore, on behalf of all past and present aggrieved employees, Plaintiff seeks all applicable penalties arising out of the above-referenced wage, hour, and payroll practices, or which could be assessed and collected by the LWDA, for violation of the following Labor Code sections: *98.6, 201-205, 206.5, 210, 216, 218.5, 221, 225.5, 223, 226.2, 226.3, 226.7, 226.8, 227.3, 233, 234, 245, 246, 246.5, 248.1, 248.2, 248.5, 248.6, 351, 510-512, 551-552, 558, 558.1, 1102, 1102.5, 1174, 1174.5, 1182.12, 1193.6, 1194-1197.1, 1194.2 1198-1199.5 and 2698-2699, 2699.5,* and *2802.* (2810.5 too).

*Law Offices of Farrah Mirabel*

CALIFORNIA LWDA
*PAGA Private Notice*
Page 11

CONCLUSION

Therefore, pursuant to Labor Code § 2699.3, we write to inform you and the Labor and Workforce Development Agency, with whom this PAGA Notice has been filed, of our intent to pursue a PAGA representative action against Defendants seeking, *inter alia*, PAGA penalties under Labor Code § 2699, to be brought by the Plaintiff on behalf of the Aggrieved Employees, as defined above.

Nevertheless, it is the policy of this firm to attempt to negotiate an early resolution of all matters where possible and beneficial to the putative class and the aggrieved employees. If Defendants are interested in attempting to resolve this matter, please contact us by **December 19, 2023**.

Very truly yours,

**LAW OFFICES OF FARRAH MIRABEL**

/s/ Farrah Mirabel

Farrah Mirabel, Esq.

*Law Offices of*
*Farrah Mirabel*
*Fmeig@fmirabel.com*
*1070 Stradella Rd.*
*Los Angeles, California 90077*
*Tel (714) 972-0707 Fax (949) 417-1796*

December 14, 2023                                    *VIA CERTIFIED MAIL*

Attn. PAGA Administrator
California Labor and Workforce Development Agency
1515 Clay Street, Ste. 801
Oakland, CA 94612
(510) 286-1362

**Sally Beauty Supply LLC.**
**Sally Beauty Holdings Inc.**
3001 Colorado Blvd
Denton. TX 76210

**CORPORATE CREATIONS NETWORK INC.**
SARAH CLEMENS or TY CHANDLER or LAURA BAKER
AGENTS FOR Sally Beauty Holdings Inc., Sally Beauty Supply LLC.
5901 W. Century Blvd #750
Los Angeles, CA  90045

 **In Re Amended PAGA NOTICE LETTER Iris Briseida Rios v. Sally Beauty Holdings
Inc., Sally Beauty Supply LLC.**

*LWDA: Case Number:  LWDA-CM-988863-23*

Dear PAGA Administrator:

Our firm represents the interests of ***Iris Briseida Rios*** (Plaintiff), former employee of
***Sally Beauty Holdings Inc., Sally Beauty Supply LLC.*** (referred to as the "Defendants").
Plaintiff was employed by Defendants  since 2011 but was on a leave for 2022 and then
was fired on or about September 25, 2023.

On October 20, 2023, Plaintiffs served and filed a PAGA notice. This amended notice
includes add more claims and violations to the PAGA notice.

Although not necessary as PAGA's administrative exhaustion requirement does not
require the inclusion of every potential fact or every future theory; rather, it must only
"provide reasonably details facts and theories," Plaintiff in an abundance of caution
wishes to provide further information in connection with her PAGA case against
Defendant. *See Cardenas v. Mclane Food Services. Inc.,* 796 F. Supp. 2d 1246, 1261
(C.D. Cal. Jun 23, 2011); *Moua v. Int'l Bus. Machines Corp.* (N.D. Cal. Jan. 31, 2012)

CALIFORNIA LWDA
*PAGA Private Notice*
Page 2

No. 5:l0-CV-01070 EJD, 2012 WL 370570, at *5; *York v. Starbucks Col1J.,* (C.D. Cal. Nov. 1, 2012) No. CV 08-07919 GAF P.JWX, 2012 WL 10890355, at *4. Plaintiff alleges that Defendant violated, without limitation, California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226(e), 226.3, 226.7 510, 512 and IWC Wage Order No. 4-2001 with respect to her and the other aggrieved employees.

### Shift differential wages

Defendants failed to properly compute shift differential wages earned by Plaintiff and other Aggrieved Employees into their regular rate of pay for purposes of paying them meal and rest period premiums, overtime wages, and sick pay wages at the correct rates, in violation of Labor Code sections 226.7, 246, 510, 512, 558 and 1194. Defendants paid Plaintiff and other Aggrieved Employees shift differential wages; however, Defendants failed to properly blend these shift differential wages, and instead paid our Plaintiff and other Aggrieved Employees meal and rest period premiums, overtime wages, and sick pay wages based only on the base hourly rate of pay, thus depriving our c e n t and other Aggrieved Employees of all meal and rest period premiums, overtime wages, and sick pay wages earned. This violates Labor Code 98 226.7, 240, 310, 312, 228 and 1194. Plaintiff alleges that Defendants failed to pay correct premium wages to her and other Aggrieved Employees who were denied rest periods, in violation of Labor Code §226.7 and IWC Wage Order No. 7-2001. Plaintiff and other Aggrieved Employees were routinely unable to take a 10-minute rest period for every four (4) hours of work or major fraction thereof, but were not paid premium wages of one hour's pay at the correct rate for each missed rest period. When Plaintiff and Aggrieved Employees were able to take a rest period, they were oftentimes late, cut short, or they would be improperly prohibited from leaving Defendants' premises while on their rest periods, thereby subjecting them to Defendants' control during their rest periods. This violates Labor Code §220. and WC Wage Order No. 7-2001. As such, the wage statements provided by Defendants failed to accurately state all gross wages earned, in violation of Labor Code §8 226(a)(1) and 226.3, total hours worked, in violation of Labor Code § 226(a)(2) and 226.3, net wages earned, in violation of Labor Code § 226(a)(5) and 226.3, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §§ 226(a)(9) and 226.3.

In addition to, and independent of the above allegations, the wage statements issued to Plaintiff and all other Aggrieved Employees failed to accurately state the total hours worked, in violation of Labor Code §§ 226(a)(2) and 226.3 and include duplicate hours worked, making it impossible to ascertain the accurate count of total hours worked. Furthermore, the wage statements issued to Plaintiff and Aggrieved Employees failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, in violation of Labor Code §§ 226(a)(9) and 226.3. The wage statements list the incorrect overtime rates.

*Law Offices of Farrah Mirabel*

**CALIFORNIA LWDA**
*PAGA Private Notice*
**Page 3**

The purpose of this notice is to comply with the statutory exhaustion requirements of Labor Code section 2699.3 prior to commencing an action pursuant to Labor Code section 2699, *et seq*. We request that your agency investigate the claims in this letter and the labor code and wage order violations as listed above.

Very truly yours,

**LAW OFFICES OF FARRAH MIRABEL**

/s/ Farrah Mirabel

Farrah Mirabel, Esq.

MAR 18 2024