FARRAH MIRABEL, STATE BAR NO. 162933
fmesq@fmirabel.com
**LAW OFFICES OF FARRAH MIRABEL**
1070 Stradella Rd.
LOS ANGELES, CA 90077
TELEPHONE: (714) 972-0707 Fax: (949) 417-1796

Attorneys for Plaintiff, IRIS RIOS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS RIOS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SALLY BEAUTY SUPPLY LLC., SALLY BEAUTY HOLDINGS INC., and DOES 1 through 50, inclusive; | Case No. 8:24-cv-00912-JWH-JCx<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF, PURSUANT TO COURT ORDER, IN REGARD TO ARTICLE III STANDING**<br><br>**Date: March 28, 2025**<br>**Time: 9:00 a.m.**<br>**Courtroom: 9D, 9th Floor**<br><br>Complaint Filed: January 2, 2024<br>Removed: April 26, 2024 |

Plaintiff IRIS RIOS respectfully submits her Supplemental Brief, ordered by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## **PRELIMINARY STATEMENT**

Plaintiff Iris Rios ("Plaintiff") alleges various wage-and-hour claims arising from her employment with Defendants SALLY BEAUTY SUPPLY LLC., AND SALLY BEAUTY HOLDINGS INC. ("Sally") ("Defendants"). The complaint included class claims, claims in Plaintiff's individual capacity, and as a representative under California's Labor Code Private Attorneys General Act ("PAGA"). Defendants removed the action to this Court in April 2024, pursuant to Class Action Fairness Act of 2005, (CAFA).

On February 18, 2025, this Court granted Defendants' motion to compel arbitration severing Plaintiff's individual claims citing the existence of a valid, enforceable arbitration agreement executed by Plaintiff, dismissed Plaintiff's class claims, and directed the parties to provide supplemental briefing on the issue of whether Plaintiff has Article III standing to pursue representative PAGA claims in federal court.

Accordingly, Plaintiff submits the instant supplemental brief, and respectfully requests this Court to remand this matter to state court.

## II.
## ARGUMENT

### A. PLAINTIFF'S ARTICLE III STANDING TO PURSUE A PAGA-ONLY NON-INDIVIDUAL ACTION IN FEDERAL COURT

Article III standing requires that a plaintiff suffer an injury-in-fact that is concrete, particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). However, PAGA plaintiffs act as proxies for the State of California and seek civil penalties on behalf of the state, not individualized damages. Consequently, a PAGA plaintiff need not demonstrate personal injury for each alleged violation, which fails to

satisfy Article III standing requirements in federal court. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 663 (2022).  Recently, Ninth Circuit in *Johnson v. Lowe's Home Centers, LLC*, 93 F.4th 459, 464 (9th Cir. 2024), observed and decided that:

"…the district court dismissed Johnson's non-individual PAGA claims, relying on *Viking River*'s interpretation of PAGA. While this case was on appeal to our court, the California Supreme Court in *Adolph* corrected *Viking River*'s misinterpretation of PAGA, holding that a PAGA plaintiff can arbitrate his individual PAGA claim but at the same time maintain his non-individual PAGA claims in court. We therefore vacate the district court's order with respect to Johnson's non-individual PAGA claims and remand those claims to the district court to apply *Adolph*".

The higher court reason was that:

"In *Adolph*, decided a year after *Viking River*, the California Supreme Court corrected *Viking River*'s misunderstanding of PAGA. The California Court held in *Adolph* that individual and non-individual PAGA claims may be partially severed, such that a plaintiff's individual PAGA claims may be sent to arbitration while the plaintiff's non-individual PAGA claims remain in court. The Court wrote, "[W]here a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court." *Adolph*, 14 Cal. 5th at 1123, 310 Cal.Rptr.3d 668, 532 P.3d 682.  *464 Only if there has been a final determination that the plaintiff's arbitrated individual PAGA claim is without merit does the plaintiff lose statutory standing under PAGA to pursue his or her non-individual PAGA claims in court. The Court wrote, "If the arbitrator determines that Adolph is not an aggrieved employee and the court confirms that determination and reduces it to final judgment, the court would give effect to that finding, and Adolph could no longer prosecute his non-individual claims due to

lack of standing." *Id.* at 1124–25, 310 Cal.Rptr.3d 668, 532 P.3d 682."
*Id.* at 464.

Thereafter, in *Cooley v. ServiceMaster Co., LLC,* No. 23-15643, 2024 WL 866123, at *2 (9th Cir. Feb. 29, 2024), cert. denied sub nom. *The Service Master Co., LLC v. Cooley,* 145 S. Ct. 373, 220 L. Ed. 2d 140 (2024), the Ninth Circuit decided that:

"We hold that Cooley has statutory standing to bring his representative PAGA claims. *See Johnson v. Lowe's Home Ctrs., LLC*, No. 22-16486, 2024 WL 542830 (9th Cir. Feb. 12, 2024) (holding same). Article III standing is a separate inquiry, however, and it is "a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013). It is an open question whether Cooley has constitutional standing to bring his representative PAGA claims. *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 676–78 (9th Cir. 2021). Because the district court did not consider Cooley's constitutional standing, we remand with instructions for the district court to consider this issue in the first instance. If the district court determines that Cooley does not have constitutional standing, then this case must be remanded back to state court, where Cooley does have standing, under 28 U.S.C. § 1447(c)."

Here, while Plaintiff's individual PAGA claims are sent to arbitration, the plaintiff's non-individual PAGA claim should remain in court, since she has statutory standing, however, regardless of her constitutional standing, it should be remanded to the state court.

**B. SINCE CLASS CLAIMS WERE DISMISSED, FEDERAL COURT HAS NO JURISDICTION ANY LONGER.**

With the dismissal of Plaintiff's class claims, the only remaining cause of action arises under state law. In the very recent case of the highest Court, *Royal Canin U. S.*

*A., Inc. v. Wullschleger,* (2025) 604 U.S. 22, 145 S. Ct. 41, in a unanimous opinion, the Supreme Court, Justice Kagan, held that post-removal amendment of complaint to remove all federal questions deprived district court of supplemental jurisdiction over remaining state-law claims. Similarly, here Plaintiff's class claims were all dismissed which removed federal court jurisdiction under CAFA.

Also see *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020), where the plaintiff filed a PAGA claim in state court, which was removed to federal court. The Ninth Circuit held that because the district court lacked subject matter jurisdiction over the PAGA claim under both traditional diversity jurisdiction and the Class Action Fairness Act (CAFA), the case should be remanded to state court.

These cases illustrate that when federal claims are dismissed, and only state law claims like those under PAGA remain, federal courts lack jurisdiction and must remand the case to state court.

**C. REMAND IS APPROPRIATE UNDER 28 U.S.C. § 1367(c)(3).**

With the dismissal of Plaintiff's class claims, the only remaining cause of action arises under state law. Under § 1367(c)(3), courts routinely decline to exercise supplemental jurisdiction where no federal claims remain. Therefore, this matter belongs to the case state court now.

### III.
### CONCLUSION

Plaintiff respectfully requests that this Court finds that Plaintiff lacks Article III standing to pursue representative PAGA claims in federal court, and requests this matter to be remanded.

DATED: March 7, 2025            **LAW OFFICES OF FARRAH MIRABEL**

                                BY:  /s/ Farrah Mirabel
                                Farrah Mirabel, Esq.
                                ATTORNEYS FOR PLAINTIFF

### *L.R. 11-6.2. Certificate of Compliance*

The undersigned, counsel of record for Plaintiff, certifies that this Brief Contains 1020 words, which complies with the word limit of L.R. 11-6.1.

BY:   /s/ Farrah Mirabel
      Farrah Mirabel, Esq.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action.

On March 9, 2025, I served the following document: **PLAINTIFF'S SUPPLEMENTAL BRIEF, PURSUANT TO COURT ORDER, IN REGARD TO ARTICLE III STANDING,** on the parties:

SPENCER C. SKEEN, Esq.
SPENCER.SKEEN@OGLETREE.COM
MARLENE M. MOFFITT, Esq.
MARLENE.MOFFITT@OGLETREE.COM
CHRISTOPHER A. MOORE, Esq.
CHRISTOPHER.A.MOORE@OGLETREE.COM
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 LA JOLLA VILLAGE DRIVE, SUITE 900 SAN DIEGO, CA 92122

Attorneys for Defendants SALLY BEAUTY SUPPLY LLC., SALLY BEAUTY HOLDINGS INC.,

[ X ] (VIA ELECTRONIC E-SERVICE SYSTEM) I transmitted via the Internet a true copy(s) of the above-entitled document(s) and caused the above-entitled document(s) to be sent to the recipients listed above pursuant to the E-Service List maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

**STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 9, 2025, at Los Angeles, California.

*/s/* Farrah Mirabel